Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, December 22, 2008 2:35:33 PM

# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD CARROLL, JR., and | ) | |
| LINDA L. CARROLL | ) | Case No. 07-363 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| RICHARD CARROLL, JR., and | ) | |
| HELEN M. MORRIS, Trustee, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 07-110 |
| | ) | |
| FIA CARD SERVICES, and | ) | |
| CREDITORS INTERCHANGE | ) | |
| RECEIVABLE MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Richard Carroll, Jr. (the "Debtor"), and Helen M. Morris, the Debtor's Chapter 13 trustee (the "Trustee"), seek to recover damages against FIA Card Services ("FIA") and its debt collector, Creditors Interchange Receivable Management, LLC ("CRIM"), for engaging in alleged illegal debt collection practices.

CRIM seeks to dismiss the adversary complaint filed against it on three grounds: (1) it received insufficient service of process, (2) the causes of action alleged against it are beyond the applicable statutes of limitation, and (3) the Debtor cannot state a claim against it under the law of agency.

For the reasons stated herein, the court will grant in part, and deny in part, CRIM's motion

to dismiss.

## I. STANDARD OF REVIEW

When adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(5), Fed. R. Bankr. P. 7012(b), for insufficient service of process, the court is determining if the method of serving process on the defendant was sufficient. In making this determination, the court "'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (citation omitted).

When adjudicating a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them, and a court may dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (stating that the court may grant a motion to dismiss only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."). Overcoming grounds for relief under Rule 12(b)(6) requires the pleader to provide more than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right of relief above the speculative level," and must be enough "to raise a reasonable expectation" of liability, "even if it strikes the savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely'" *Id.*

## II. BACKGROUND

As alleged in the Amended Complaint, the Debtor had a delinquent credit account with FIA, a successor institution to Bank of America, N.A. On January 2, 2007, the Debtor's attorney sent correspondence to Bank of America requesting validation of the debt, and advising it to cease all telephone calls and correspondence to the Debtor. Bank of America received that correspondence on January 3, 2007.

Thereafter, from January 5, 2007 to March 16, 2007, the Debtor received about 21 debt collection telephone calls. The Debtor received one telephone call at his place of employment, and

up to three telephone calls in a single day. On March 26, 2007, the Debtor filed his Chapter 13 bankruptcy petition. On November 5, 2007, the Debtor filed this adversary proceeding against FIA. In answering the complaint, FIA did not deny making one telephone call to the Debtor on January 15, 2007, but it denied any other contacts.

When the Debtor learned that CRIM, a third party collection agency, had made the remainder of the alleged collection calls, the Debtor filed an amended complaint on July 23, 2008, and served the summons by certified mail on: Creditor Interchange Receivable Management c/o Sean Cook, The Tenny Law Firm, 707 Virginia Street East – Chase Tower, 14th Floor, P.O. Box 3722, Charleston, WV, 25337-3752. The Debtor obtained this address from the West Virginia Secretary of State's website.

As asserted by the Debtor, the address it used for the service of process was correct as of July 10, 2008, but on July 11, 2008, CRIM had changed its address for the service of process to: CT Corporation System, 707 Virginia Street East, Charleston, WV 25301.

### III. DISCUSSION

For the reasons stated below, the court finds that the Debtor's service of the summons on CRIM is insufficient, and, therefore, CRIM is not yet a proper party to this lawsuit. However, because the defect in the service of process is easily curable, and because the court desires to save the parties the time and expense of relitigating the same issues after proper service is effected, the court will address CRIM's statute of limitations defense and its argument that the Debtor has failed to state a claim upon which relief can be granted based on the law of agency.

**A.     Insufficient Service of Process**

The Debtor does not contest that he served CRIM at the wrong address for the service of process. The Debtor contends, however, that CRIM accepted service, it has actual knowledge of the complaint, and the defect is one that can be easily remedied by reissuing the summons on CRIM.

Under Fed. R. Bankr. P. 7004(b)(3), a plaintiff may effect service on a domestic corporation by "mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process. . . ." Here, the Debtor not only served process on the wrong address, he did not name an officer, a managing or general agent, or an agent authorized by the appointment of law to receive service of process. Therefore, service is insufficient. *See generally* Dave Braddley, *Are You Paying*

*"Attention" When Serving Contested Matters under Bankruptcy Rule 7004(b)(3)?* 24-2 Am. Bankr. Inst. J. 46 (March 2005) (discussing service of process requirements in bankruptcy proceedings for corporations).

Service of process is the means by which a court obtains personal jurisdiction over a defendant. Fed. R. Civ. P. 4(k); *see also* Fed. R. Bankr. P. 7004(f) ("[S]erving a summons . . . in accordance with this rule. . . is effective to establish personal jurisdiction over the person of any defendant . . . ."). Without compliance, no personal jurisdiction exists over the defendant. *Id.*

The Court of Appeals for the Fourth Circuit has applied the requirements of Rule 4 liberally, at least when the defendant has actual notice of the lawsuit, and has allowed the assertion of personal jurisdiction over defendants even when a defect in the service of process exists. For example, in *Karlsson v. Rabinowitz*, 318 F.2d 666, 667 (4th Cir. 1963), the court approved of service made on the defendant's former domicile in Maryland after he had moved to Arizona, but before his spouse had left Maryland. The court stated that "where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4[] should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits." *Id.* at 668. In another case, *Vorhees v. Fischer & Kreckem*, 697 F.2d 574, 576 (4th Cir. 1983), the court stated that the proper remedy when service of process is insufficient is for the trial court to quash service, and to give the plaintiff a "reasonable opportunity to attempt to effect valid service of process." *See also Bailey v. Boilermakers Local 677*, 480 F. Supp. 274, 278 (N.D.W. Va. 1979) ("If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.").

Following the guidance of the Fourth Circuit in *Vorhees*, the court will not dismiss CRIM from this case, but will allow the Debtor 45 days from entry of the accompanying order to effect service of process on CRIM in accordance with Fed. R. Bankr. P. 7004(b)(3).

**B.   Statute of Limitations**

CRIM asserts that it was not added as a putative defendant in this case until July 28, 2008. Arguing that all the Debtor's asserted causes of action arose no later than March 16, 2007, and are subject to one-year statutes of limitation, CRIM asserts that the claims against it must be dismissed

as time-barred.

Even assuming that CRIM's assertion that all the Debtor's claims against it are subject to one-year statutes of limitation, the Debtor's claims are nevertheless timely. Importantly, the Debtor filed his bankruptcy petition on March 26, 2007. Section 108 of the Bankruptcy Code allows pre-petition causes of action to be brought within two years of the bankruptcy filing:

> (a) If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

11 U.S.C. § 108(a).

Here, the Trustee is a named party plaintiff. Accordingly, the Trustee has at least until two years after the Debtor's bankruptcy filing – until March 26, 2009 – to assert the Debtor's causes of action against CRIM. *See, e.g.*, *Cantor v. Perelman*, 414 F.3d 430, 440 (3d Cir. 2006) (allowing the debtor/trustee to assert a cause of action based on § 108(a) that would otherwise be time barred under nonbankruptcy law). The Debtor's insufficient service of process on CRIM was July 23, 2008. The Debtor still has plenty of time to effect proper service before the statutes of limitation would prohibit his claims.

### C.    Imputed Knowledge of CRIM as Agent for FIA

CRIM states that it never received any correspondence from the Debtor's attorney regarding its debt collection efforts, and that, as an agent for FIA, it cannot be deemed to have imputed knowledge of correspondence that the Debtor sent to FIA, its principal.

CRIM's notice and/or knowledge of the Debtor's correspondence to FIA is important because the Debtor alleges that CRIM has violated two provisions of the Fair Debt Collection Practices Act and one provision of the West Virginia Consumer Protection Act based on its alleged debt collection contacts with the Debtor when the Debtor was represented by an attorney. Both Acts require that CRIM have notice and/or knowledge of the fact that the Debtor was represented by an attorney and of the Debtor's request that all further debt collection contacts should be through his attorney. 15 U.S.C. §§ 1692c(a)(2) ("[A] debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2)  if the debt collector knows the consumer is

–5–

represented by an attorney . . . ."); 1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."); W. Va. Code § 46A-2-128(e) (prohibiting a debt collector from communicating "with a consumer whenever it appears that the consumer is represented by an attorney . . . .").

In general, "[n]otice of facts that a principal knows or has reason to know is not imputed downward to an agent." *Restatement (Third) Agency* § 5.03 cmt. g (2006). This means that an agent is legally protected from the consequences of facts made known to the principal:

> [A]n agent who deals with third parties on the principal's behalf is not treated as knowing facts known by the principal that the agent does not know or have reason to know. This protects the agent from the legal consequences of facts that only the principal knows or has reason to know. A principal may be subject to liability to a third party if the principal withholds relevant information from an agent, knowing that the agent will materially misstate facts to a third party as a result.

§ 5.03 cmt. g. *See also Schmitt v. FMA Alliance*, 398 F.3d 995, 997-98 (8th Cir. 2005) (refusing to impute the knowledge of the creditor/principal to the debt collector/agent because that "theory of implied knowledge contradicts established agency law, which dictates that while knowledge of the agent is imputed to the principal, the converse is not true."); *Gorman v. Wolpoff & Abramson. LLP*, 435 F. Supp. 2d 1004, 1011 (N.D. Cal. 2006) (same); *Jones v. Weiss*, 95 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2000) (same); *Hubbard v. National Bond & Collection Assoc., Inc.*, 126 B.R. 422 (D. Del.) (same), *aff'd* 947 F.2d 935 (3d Cir. 1991); *Manzanares v. State Farm Fire and Cas. Co. (In re Manzanares)*, 345 B.R. 773, 792-93 (Bankr. S.D. Fla. 2006) (same); *In re Kramer*, No. 04-2900, 2005 Bankr. LEXIS 337 at *9-10 (Bankr. N.D. Iowa Feb. 23, 2005) (same); *Siharath v. Citifinancial Servs. (In re Siharath)*, 285 B.R. 299, 304-05 (Bankr. D. Minn. 2002) (same); *Faust v. Texaco (In re Faust)*, 270 B.R. 310, 316 (Bankr. M.D. Ga. 1998) (same).[1]

---

[1] In *Powers v. Prof'l Credit Servs.*, 107 F. Supp. 2d 166, 169 (N.D.N.Y. 2000), the district court concluded that knowledge to a creditor/principal could be imputed to its debt collector agent on the grounds that a different result would "utterly eviscerate the protections afforded debtors by the FDCPA." Like the Eighth Circuit in *Schmitt*, 398 F.3d at 998, this court declines to follow *Powers* and thereby create a special exception to general agency law.

-6-

Accordingly, based on the facts alleged in the amended complaint, CRIM had no knowledge of the correspondence from the Debtor's attorney asking that there be no further contact with the Debtor respecting the collection of the debt he owed to FIA. Therefore, the court will allow the Debtor 30 days to file a second amended complaint that alleges that CRIM had knowledge that the Debtor was represented by an attorney when it communicated with the Debtor in an attempt to collect a debt, and knowledge of the Debtor's request that all further debt collection contacts be through his attorney. In the absence of a timely filed second amended complaint, the court will dismiss the Debtor's claims that CRIM violated 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and W. Va. Code § 46A-2-128(e).

### D.   Remaining Claims Against CRIM

The Debtor alleges CRIM made debt collection calls to his employer, in violation 15 U.S.C. § 1692c(a)(3), which prohibits communication with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." Likewise, the Debtor contends that the number of telephone collection calls made by CRIM constitutes an "intent to annoy, abuse, or harass" the Debtor in violation of § 1692d(5). The Debtor also asserts violations of corresponding State law. W. Va. Code §§ 46A-2-125(d), 46A-6-104.

Other than arguing that these causes of action are barred by the statute of limitations – a defense that the court has already rejected – CRIM has not sought a dismissal of these alleged statutory violations.

### IV. CONCLUSION

The court will grant the Debtor 45 days to effect service of process on CRIM at its registered address. The court will grant CRIM's motion to dismiss its alleged violations of 15 U.S.C. §§ 1692c(a)(2), 1692c(c), and W. Va. Code §46A-2-128(e) unless the Debtor, within 30 days, files a second amended complaint alleging that CRIM had knowledge, separate from its principal, that the Debtor was represented by an attorney when it communicated with the Debtor in an attempt to collect a debt, and knowledge of the Debtor's request that all further debt collection contacts should be made through his attorney. The court will deny CRIM's motion to dismiss to the extent that the Debtor has asserted that it violated 15 U.S.C. §§ 1692c(a)(3), 1692d(5), W. Va. Code §§ 46A-2-125(d), and 46A-6-104. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

-8-